UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS**,
a Michigan limited liability company,

    *Plaintiff*,

vs.

**N.V.E., INC.**
a New Jersey corporation

    *Defendant.*

**Hon.** _____

Civ. Action No. _____

***JURY TRIAL DEMANDED***

MARK A. CANTOR    (P32661)
MARC LORELLI    (P63156)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400

    *Attorneys for Plaintiff*

# COMPLAINT AND JURY DEMAND



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials, does hereby allege for its Complaint against the defendant as follows:

## I. THE PARTIES AND JURISDICTION

1. Plaintiff, Innovation Ventures, LLC d/b/a Living Essentials (hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 46570 Humboldt Drive, Novi, Michigan 48377.

2. On information and belief, defendant, N.V.E., Inc. is a New Jersey corporation, having its principal place of business at 15 Whitehall Road, Andover, New Jersey.

3. Defendant distributes, offers for sale and sells the accused products as described herein in the United States, in the State of Michigan and this District.

4. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

5. This Court has personal jurisdiction over the defendant because the defendant is conducting business in the State of Michigan and this District as alleged above, and is committing acts of infringement in this District. To the extent not already established on the record in hand, the factual contentions of paragraph 3 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## II.  FACTUAL BACKGROUND

A.  **Living Essentials and Its Asserted Trademark**

6.  Living Essentials is a national marketer and distributor of nutritional and dietary supplements, including 2-ounce shot supplements.

7.  Living Essentials is the current owner of the 5 HOUR ENERGY® trademark used by Living Essentials since 2004 as a trademark for use with the 5 HOUR ENERGY® shot.

8.  The 5 HOUR ENERGY® trademark was duly and lawfully registered and is currently registered on the Supplemental Register of the United States Patent and Trademark Office on September 27, 2005 as U.S. Registration No. 3,003,077 ("the '077 registration").  A copy of the Certificate of Registration for this Trademark is attached hereto as Exhibit A.

9.  Living Essentials has used the 5 HOUR ENERGY® trademark of the '077 registration as its trademark continuously since 2004 to the present.

10.  The 5 HOUR ENERGY® Trademark symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

11.  Living Essentials' 5 HOUR ENERGY® Trademark has been extensively promoted by Living Essentials to its customers through various forms of national media, including television, radio, print, and the Internet.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

12. Living Essentials' 5 HOUR ENERGY® Trademark distinguishes Living Essentials as the source of its products, is inherently distinctive, and has further become distinctive through the acquisition of secondary meaning.

13. Sales, advertising and promotion of the 5 HOUR ENERGY® Products and Services since 2004 have amounted to well over $100 million dollars.

14. As a result of the distinctive nature of Living Essentials' 5 HOUR ENERGY® Trademark, and Living Essentials' extensive nationwide display, sales, promotion, and use of same, Living Essentials' 5 HOUR ENERGY® Trademark has become associated with Living Essentials in the minds of the trade and the consuming public in the 2-ounce shot product line.

15. Since 2004, long prior to the acts of the defendant herein alleged, Living Essentials and its authorized distributors and dealers have used the 5 HOUR ENERGY® Trademark in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale throughout the world, including the United States and this District. These products and services are hereinafter collectively referred to as the "5 HOUR ENERGY® Products and Services."

16. As a result of such continuous use and extensive sales, advertising and promotion of the 5 HOUR ENERGY® Trademark by Living Essentials, its authorized dealers and distributors throughout the United States and the rest of the world, the marks and products associated with the 5 HOUR ENERGY® Trademark enjoy worldwide recognition and a world famous reputation, and are recognized by the public as emanating from Living Essentials.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-3-

17. The 5 HOUR ENERGY® Trademark is a famous mark and represents property of great value and goodwill to Living Essentials.

**B.   Defendant's Activities**

18. Subsequent to Living Essentials' use of the 5 HOUR ENERGY® Trademark as above alleged, and with actual knowledge of Living Essentials' use of the 5 HOUR ENERGY® Trademark, and with the intent to misrepresent the source of defendant's goods, defendant adopted and is using 6 HOUR POWER, that is confusingly similar and/or a colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark, in connection with the advertising, offering for sale and sale of 2-ounce shots in the United States, in the State of Michigan, and this District.

19. Defendant has no consent, license, approval or other authorization to use the 5 HOUR ENERGY® Trademark or a colorable imitation thereof in connection with its products.

20. Defendant's use of 6 HOUR POWER, that is confusingly similar and/or a colorable imitation of Living Essentials' famous 5 HOUR ENERGY® Trademark, as alleged in the foregoing paragraphs clearly shows the willful intent of the defendant to misrepresent the source of defendant's goods so as to cause confusion, mistake or to deceive as to defendant's connection or association with Living Essentials.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

### III.  COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### UNDER 15 U.S.C. § 1114

21. The allegations of paragraphs 1-20 are incorporated herein by reference.

22. Living Essentials demands that defendant refrain from the use of 6 HOUR POWER and other colorable imitations of Living Essentials' 5 HOUR ENERGY® Trademark as described above.  Despite Living Essentials' well known prior rights in the 5 HOUR ENERGY® Trademark, defendant has, without the consent of Living Essentials, used and continue to use in commerce, a colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark in connection with the sale, offering for sale, distribution, and advertising of the defendant's products and services.

23. Defendant's actions constitute willful infringement of Living Essentials' exclusive rights in the 5 HOUR ENERGY® Trademark in violation of 15 U.S.C. § 1114.

24. Defendant's use of 6 HOUR POWER, that is confusingly similar and/or a colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark, has been and continues to be done with the intent to cause confusion, mistake, and to deceive customers concerning the source and/or sponsorship of defendant's products and services.

25. As a direct and proximate result of defendant's conduct, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark and its reputation in the industry.  Unless defendant is restrained from further infringement of the 5 HOUR ENERGY® Trademark, Living Essentials will continue to be irreparably harmed.


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

26.     Living Essentials has no adequate remedy at law that will compensate for the continued and irreparable harm it will suffer if defendant's acts are allowed to continue.

27.     As a direct and proximate result of defendant's conduct, Living Essentials has suffered damages to the valuable 5 HOUR ENERGY® Trademark, and other damages in an amount to be proved at trial.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## IV.  COUNT II
## FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

28.     The allegations of paragraphs 1-27 are incorporated herein by reference.

29.     Defendant has knowingly used and continues to use in commerce 6 HOUR POWER, that is confusingly similar and/or a colorable imitation of Living Essentials' 5 HOUR ENERGY® Trademark in connection with the products and services that the defendant manufactures, advertises, promotes, and sells.  Defendant has used colorable imitations of the 5 HOUR ENERGY® Trademark knowing that the marks will cause confusion with Living Essentials' 5 HOUR ENERGY® 2-ounce shot.

30.     Defendant's use of 6 HOUR POWER alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of defendant's products and services, and is likely to cause such people to believe in error that defendant's products and services have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that the defendant is in some way affiliated with Living Essentials or with the 5 HOUR ENERGY® brand.

31.     Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of defendant's goods, and constitute a violation of 15 U.S.C. § 1125(a).



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel     (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

32. By reason of defendant's actions, Living Essentials has suffered irreparable harm to the valuable 5 HOUR ENERGY® Trademark. Unless defendant is restrained from its actions, Living Essentials will continue to be irreparably harmed.

33. Living Essentials has no remedy at law that will compensate for the continued and irreparable harm that will be caused if defendant's acts are allowed to continue.

34. As a direct and proximate result of defendant's conduct, Living Essentials has suffered damages to its valuable 5 HOUR ENERGY® Trademark and other damages in an amount to be proved at trial.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## V.  COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

35. The allegations of paragraphs 1-34 are incorporated herein by reference.

36. Living Essentials was the first to use the 5 HOUR ENERGY® Trademark on a 2-ounce shot product or any mark similar thereto in association with the sale of a 2-ounce shot supplement.  As a result of the continued sale by Living Essentials of 5 HOUR ENERGY® Products and Services bearing the 5 HOUR ENERGY® Trademark since 2004, the 5 HOUR ENERGY® Trademark has become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products and services to which the 5 HOUR ENERGY® Trademark is applied.

37. As a result of the experience, care, and service of Living Essentials in producing 5 HOUR ENERGY® Products and Services, 5 HOUR ENERGY® Products and Services have become widely known and have acquired a worldwide reputation for quality and performance.  Moreover, the 5 HOUR ENERGY® Trademark has become associated with 5 HOUR ENERGY® Products and Services, and has come to symbolize the reputation for quality and excellence of 5 HOUR ENERGY® Products and Services.  The 5 HOUR ENERGY® Trademark is distinctive.

38. Defendant, with knowledge of and with intentional disregard of Living Essentials' rights, continues to advertise, promote, and sell products and services using 6 HOUR POWER which is a confusing imitation of Living Essentials' 5 HOUR ENERGY® Trademark.


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

Such acts by the defendant have caused and continue to cause confusion as to the source and/or sponsorship of defendant's products and services.

39. Defendant's acts constitute willful infringement of Living Essentials' exclusive rights in its 5 HOUR ENERGY® Trademark, in violation of the common law. By reason of defendant's actions, Living Essentials has suffered irreparable harm to its valuable 5 HOUR ENERGY® Trademark. Unless defendant is restrained from further infringement of the 5 HOUR ENERGY® Trademark, Living Essentials will continue to suffer irreparable harm.

40. Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if defendant's conduct is allowed to continue.

41. As a direct and proximate result of defendant's conduct, Living Essentials has suffered damages to the valuable 5 HOUR ENERGY® Trademark and other damages in an amount to be proved at trial.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

-10-

## VI. **DEMAND FOR RELIEF**

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the defendant as follows:

    A.    A determination that defendant has willfully and deliberately violated 15 U.S.C. § 1114, that Living Essentials has been damaged by such violation, and that the defendant is liable to Living Essentials for such violation;

    B.    A determination that the defendant has violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the defendant is liable to Living Essentials for such violations;

    C.    A determination that the defendant has committed common law trademark infringement, that Living Essentials has been damaged by such infringement, and that defendant is liable to Living Essentials for common law trademark infringement;

    D.    A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

    E.    Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining defendant, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

    (1)    using the 6 HOUR POWER mark on its 2 ounce shot products;



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

(2) imitating, copying, or making any unauthorized use of the 5 HOUR ENERGY® Trademark;

(3) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5 HOUR ENERGY® Trademark;

(4) using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5 HOUR ENERGY® Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(5) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5 HOUR ENERGY® Trademark) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by defendant are in any manner associated or connected with Living Essentials, the 5 HOUR ENERGY® brand, or the 5 HOUR ENERGY® Trademark, or is sold, manufactured, licensed, sponsored, approved or authorized by Living Essentials.

F. For an order directing that defendant deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their control, bearing or using 6 HOUR POWER or any other simulation, reproduction, or colorable


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

imitation of Living Essentials' 5 HOUR ENERGY® Trademark, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

   G. For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by defendant is authorized by Living Essentials or related in any way to 5 HOUR ENERGY® Products and Services;

   H. For an Order directing the defendant and its agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

   I. An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the defendant and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the defendant's past use of Living Essentials' intellectual property, including all manufacturing, distribution, and sales of products bearing the 6 HOUR POWER mark, as well as the defendant's compliance with the orders of this Court;

   J. For an award of Living Essentials' costs and disbursements incurred in this action, including Living Essentials' reasonable attorney's fees;



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-13-

K. For an award of Living Essentials' damages trebled or, alternatively, an award of defendant's wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

L. For an award of Living Essentials' damages arising out of defendant's acts;

M. For an order requiring defendant to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by defendant through the use of the 5 HOUR ENERGY® Trademark or colorable imitations thereof;

N. For an award of interest, including pre-judgment interest on the foregoing sums;

O. For such other and further relief as the Court may deem just and appropriate.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel    (248) 358-4400
Fax    (248) 358-3351

www.brookskushman.com

## VII.  DEMAND FOR JURY

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**


/s/ Marc Lorelli
**MARK A. CANTOR        (P32661)**
**MARC LORELLI          (P63156)**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400
Email: mcantor@brookskushman.com
           mlorelli@brookskushman.com

*Attorneys for Plaintiff*

Dated: May 1, 2008_____



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield,  MI 48075-1238
USA

Tel    (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com