UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**INNOVATION VENTURES, LLC**
**d/b/a LIVING ESSENTIALS,**

    *Plaintiff,*

vs.

**N.V.E., INC.,**

    *Defendant.*

HONORABLE LAWRENCE P. ZATKOFF

CIVIL ACTION NO. <u>08-11867</u>

_____

MARK A. CANTOR (P32661)
PHYLLIS GOLDEN MOREY (P40765)
THOMAS W. CUNNINGHAM (P57899)
BRIAN C. DOUGHTY (P71652)
**BROOKS KUSHMAN P.C.**
1000 Town Center — 22nd Floor
Southfield, Michigan 48075
(248) 358-4400

*Attorneys for Plaintiff*

R. TERRANCE RADER (P28747)
LEIGH C. TAGGART (P63765)
DOUGLAS P. LALONE (P45751)
**RADER, FISHMAN & GRAUER PLLC**
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
(248) 594-0600

CHARLES P. GUARINO, Of Counsel
**NICOLL, DAVIS & SPINELLA LLP**
95 Route 17 South, Suite 203
Paramus, New Jersey 07652
(201) 712-1616

*Attorneys for Defendant*

# LIVING ESSENTIALS' SURREPLY TO
# NVE'S MOTION FOR SUMMARY JUDGMENT TO CANCEL
# PLAINTIFF'S 5 HOUR ENERGY TRADEMARK REGISTRATION
# <u>ON THE BASIS OF FRAUD</u>



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

## **TABLE OF CONTENTS**

**Page**

I.    SURREPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    This Court Should Deny Consideration of
         This Un-Pled Defense on Summary Judgment . . . . . . . . . . . . . . . . . . . . . . . 1

        1.    Living Essentials Was Not Aware
             of NVE's New Affirmative Defense . . . . . . . . . . . . . . . . . . . . . . . . . . 2

        2.    NVE's Motion Belies Its Claim
             That No Discovery Is Necessary . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Count II Is Based On Living Essentials' Unregistered Trademark Rights . . . . 3



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

# I. SURREPLY

### A. This Court Should Deny Consideration of This Un-Pled Defense on Summary Judgment

NVE requests that this Court grant summary judgment on a defense that it never pled. Yet, NVE cites no case in which a court granted summary judgment on a defense not pled where the ruling severely prejudiced the non-moving party, as it would here. NVE's request should be denied.

NVE cites four cases in support of its request. None are applicable here. These cases all relate to whether a particular defense had been waived for a failure to plead.[1] Living Essentials is not asserting that the defense has been waived, but rather that it not be considered here on summary judgment because it was never pled and thus, Living Essentials was never given notice of the defense and a proper opportunity to respond.



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

---

[1] Notwithstanding, these cases do not support NVE. In the *Moore* case, the defense was being used in <u>response</u> to a motion for summary judgment, not affirmatively as here to dismiss a claim. Moreover, the court explicitly found that the plaintiff never claimed that its case was prejudiced and did not even raise the waiver issue until the 6th Circuit appeal. 992 F.2d 1439, 1446 (6th Cir. 1993)  In *Seals*, although not expressly pled, defendant notified plaintiff of its intent to assert a release defense long before summary judgment, thus there was no unfair surprise or prejudice. 546 F.3d 766, 770 (6th Cir. 2008). In *Sushka*, the defendant was aware of the defense long prior to summary judgment and could demonstrate no prejudice from inclusion of the defense on summary judgment. 117 F.3d 965, 969 (6th Cir. 1997). In *Young*, the although the defense asserted on summary judgment was not pled, the non-movant did not object, but rather argued the merits on summary judgment, only to raise the pleading deficiency much later. The court found that the affirmative defense was "constructively" pled because both parties addressed the merits on summary judgment. In contrast to these cases, NVE never notified Living Essentials of the defense, Living Essentials immediately raised the pleading deficiency and has presented clear evidence of prejudice.

-1-

1. **Living Essentials Was Not Aware
of NVE's New Affirmative Defense**

NVE asserts that Living Essentials was aware of the alleged fraud long before summary judgment. First, the issue is not whether Living Essentials was aware of the alleged fraud, but whether it was aware of NVE's assertion of it as an affirmative defense. NVE admits that it asserted the fraud defense for the first time on the filing of its motion for summary judgment. Indeed, although NVE admits that it discovered the fraud during the deposition of Mr. Morse, it never sought to amend its Complaint prior to filing for summary judgment. This strongly suggests that NVE's purpose in waiting for summary judgment to disclose the defense was a tactical move to unfairly surprise Living Essentials.

Notwithstanding, Living Essentials was not aware of any alleged "fraud" in 2008 as NVE asserts. Without any evidence, NVE asserts that Living Essentials was aware of the alleged fraud and attempted to correct the fraud with a subsequent trademark application[2]. That is false. Living Essentials submitted the second application to achieve registration on the principal register, which is why it submitted evidence of acquired distinctiveness with the application. (Declaration of Cunningham, ¶¶2-3.) The second application was not to "ameliorate" any "fraudulent behavior" as NVE asserts. (Id., ¶4.)

2. **NVE's Motion Belies Its Claim
That No Discovery Is Necessary**

NVE asserts that no discovery is necessary on its new defense because all of the information is in the possession of Living Essentials. (NVE Reply at 3.) Yet, in support of its



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax  (248) 358-3351
www.brookskushman.com

---

[2] NVE falsely represents to the Court that the second application had the same first use date. The applications do not have the same first use date.

-2-

Motion for Summary Judgment, Living Essentials relies on both the declaration of an expert witness, Dr. Stohs, and a third party, Alan Jones.  Clearly, NVE believes that expert testimony and other third party testimony is necessary on the issue, it simply believes that its own testimony should go unchallenged and un-rebutted.  At a minimum, if this Court does not grant Living Essentials' Motion to Dismiss Count I, Living Essentials should be allowed to test the conclusions of Dr. Stohs and the testimony of Alan Jones through cross-examination and the submission of rebuttal expert testimony.  Otherwise, Living Essentials will be severely prejudiced.

B. **Count II Is Based On Living Essentials' Unregistered Trademark Rights**

NVE asserts that Count II is directed solely to Living Essentials' registered trademark and thus, would also be dismissed if NVE had pled and could prove fraud.  NVE is wrong.

NVE conveniently omitted paragraph 7 of the Complaint from its brief, which identifies the asserted trademark.

> 7.   Living Essentials is the current owner of the 5 HOUR ENERGY® trademark used by Living Essentials since 2004 as a trademark for use with the 5 HOUR ENERGY® shot.

The asserted trademark is the trademark that has been used by Living Essentials since 2004.  Since the mark was not registered until mid-2005, Living Essentials clearly asserted both its registered and common law trademark rights in Count II[3].

---

[3] At a minimum, even if one buys NVE's semantics, the Complaint can clearly be interpreted more than one way.  Under the liberal notice pleadings of Fed. R. Civ. P. 8 and on summary judgment, the Complaint must be construed in Living Essentials' favor. *Universal Tube & Rollform Equipment Corp. v. YouTube, Inc.*, 504 F.Supp.2d 260, 265 (N.D. Ohio. 2007)(Construing 43(a) claim, Court stated

(continued...)


**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax  (248) 358-3351

www.brookskushman.com

NVE essentially asserts that since Living Essentials used the registration symbol (®) next to its trademark, that it is only asserting infringement of the trademark as registered. Living Essentials used the registration symbol because that is how the trademark is currently used in commerce. Significantly, Living Essentials also used the registration symbol (®) in its original Count III of the Complaint, which asserts **common law trademark infringement**. (See Complaint, Count III, ¶¶ 36-39). Thus, use of the registration symbol (®) in the Complaint did not signify that only federally registered rights were being asserted. As such, Living Essentials was not solely asserting its federal registration in Count II, even though it used the registration symbol. NVE omitted reference to the use of the registration symbol in the common law trademark infringement claim (Count III) because it is fatal to NVE's argument. Count II is directed to Living Essentials' unregistered trademark rights and would be unaffected by any alleged fraud.

NVE attempts to distinguish *Orient Express Trading Co. v. Federated Dept. Stores, Inc.* 842 F.2d 650 (2nd Cir. 1988), a case directly on point, because in that case "Orient Express also had pending counts for common law unfair competition and state law unfair competition." (NVE Reply at 5.) First, NVE fails to explain how the existence of additional state law claims would affect the scope of a federal claim – it clearly would not. Moreover, NVE ignores the fact that Living Essentials did plead a common law trademark infringement claim (Count III) in this case that this Court required Living Essentials to dismiss because it was duplicative or "parallel" to Living Essentials' unregistered trademark infringement claim under § 1125(a) in Count II. Thus, NVE amazingly asserts that this Court, after first requiring the

---



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

³(...continued)
"[a]llegations capable of more than one inference must be construed in the plaintiff's favor.")

-4-

dismissal of Count III common law claim because it was duplicative of or "parallel" to Count II, should later dismiss the same Count II because it was not directed to unregistered common law rights. NVE's argument is senseless and should be summarily dismissed.

        Respectfully submitted,

        **BROOKS KUSHMAN P.C.**

By:   /s/ Thomas W. Cunningham
      MARK A. CANTOR (P32661)
      PHYLLIS GOLDEN MOREY (P40765)
      THOMAS W. CUNNINGHAM (P57899)
      BRIAN C. DOUGHTY (P71652)
      1000 Town Center
      Twenty-Second Floor
      Southfield, Michigan 48075
      (248) 358-4400
      Email: mcantor@brookskushman.com
             pmorey@brookskushman.com
             tcunningham@brookskushman.com
             bdoughty@brookskushman.com

      *Attorneys for Plaintiff*

Dated: June 4, 2009



**Brooks Kushman P.C.**
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com

## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on <u>June 4, 2009</u> , I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Thomas W. Cunningham, Douglas P. LaLone, Marc Lorelli, Phyllis Golden Morey, R. Terrance Rader, Leigh C. Taggart.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None

**BROOKS KUSHMAN P.C.**

By: /s/ Thomas W. Cunningham
THOMAS W. CUNNINGHAM (P57899)
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
248-358-4400
tcunningham@brookskushman.com



**Brooks Kushman P.C.**
1000 Town Center, 22ⁿᵈ Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358-4400
Fax   (248) 358-3351

www.brookskushman.com