**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

| | |
|---|---|
| **INNOVATION VENTURES, LLC,**<br>**d/b/a LIVING ESSENTIALS**<br><br>        *Plaintiff, Counter-Defendant,*<br><br>vs.<br><br>**N.V.E., INC.,**<br><br>        *Defendant, Counter-Plaintiff.* | Case No. 2:08-cv-11867<br><br>HONORABLE LAWRENCE P. ZATKOFF<br><br>Magistrate Judge DONALD A. SCHEER |

**DEFENDANT NVE'S L.R. 7.1(g)(2) MOTION FOR LEAVE TO FILE OPPOSITION**
**TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND**
**NVE'S MOTION FOR AN EXPEDITED RULING**
**AND BRIEF IN SUPPORT**

Defendant, NVE, Inc. hereby moves the Court for leave pursuant to LR 7.1(g)(2) to

respond to Plaintiffs' Motion for Reconsideration, with expedited ruling on same requested so

that discovery relative to Plaintiff's fraud on the Trademark Office may proceed unhampered.

All issues raised in Plaintiff's reconsideration motion have been fully addressed and ruled on by

the Court.  With all issues having been treated and no palpable defect identified, Plaintiff's

Motion for Reconsideration should be denied pursuant to LR 7.1(g)(3).

## I.    INTRODUCTION

Unhappy that the Court's August 4, 2009, Order now forces Plaintiff to address fraud

issues it had hoped to sweep under the carpet, Plaintiff has filed a Motion for Reconsideration.

Because Plaintiff's reconsideration motion consists of a rehash of issues previously ruled upon

and because there is no "palpable defect" that Plaintiff can point to, the Motion for

Reconsideration must be denied.  Local Rule 7.1(g).  Although responses to reconsideration

motions are typically not considered, Defendant seeks leave to present its Motion for Leave to

submit this response, with expedited treatment requested, so that Court-ordered discovery

relative to Plaintiff's fraud issues will not be further evaded by Plaintiff.

## II.    BACKGROUND

As set forth in Defendant's Motion for Summary Judgment to Cancel Plaintiff's 5 HOUR

ENERGY Trademark Registration on the Basis of Fraud [DN 36], Defendant's Opposition to

Plaintiff's Motion to Voluntarily Dismiss Count I of Its Complaint with Prejudice [DN 45] and

in Defendant's Alternative Motion for Leave to Amend and to File Its Second Amended Answer

with Affirmative Defenses and Counterclaims to Allege Fraud on the USPTO and to Cancel

Plaintiff's 5 HOUR ENERGY Trademark Registration on the Basis of Fraud [DN 46], Plaintiff

committed fraud on the U.S. Patent and Trademark Office by fraudulently securing a trademark

registration for 5 HOUR ENERGY for goods on which the mark was never used.  Because

Plaintiff's 5 HOUR ENERGY mark was deemed to be descriptive of Plaintiff's products,

Plaintiff had to settle for registration on the Supplemental Register.   Notwithstanding the

descriptiveness determination and the invalid status of its fraudulent registration, Plaintiff has

asserted U.S. Registration No. 3,003,007 (the "'007 Registration"), in litigation against

Defendant and others in multiple jurisdictions. Plaintiff's efforts and representations in procuring

and enforcing the fraudulent '007 Registration are but one element in the larger backdrop of Plaintiff's anticompetitive behavior and deceitful conduct.

Plaintiff has repeatedly and desperately sought to conceal the fraud issues surrounding its only trademark registration by filing papers under seal, by voluntarily dismissing the federal trademark registration infringement count of the Complaint, and by refusing to produce documents and information relevant to the fraud issues. Plaintiff now attempts to evade the fraud claims by asking the Court to reconsider its August 4, 2009 Order permitting Defendant to amend its Answer to include affirmative defenses and counterclaims requesting cancellation of its invalid trademark registration for fraud. Further, without disclosing the present challenge to the registration or seeking Defendant's consent, Plaintiff has also surreptitiously sought to "update" the fraudulent registration with the Trademark Office by deleting the non-used goods. This Johnny-come-lately strategy cannot cure fraud once a challenge has been raised or threatened.[1] With both threatened and actual challenges made to the '007 Registration, any subsequent amendment cannot rectify the fraud issues associated with such registration.[2]

## III.    ARGUMENT

As noted in LR 7.1(g)(3), motions for reconsideration or rehearing are not to be granted where issues raised have already been expressly or implicitly ruled on by the court. Further, to be entitled to reconsideration, a movant must show a "palpable defect" that has misled the court

---

[1] This post-challenge cure attempt in the Trademark Office without Defendant's consent and without disclosing the challenge to the Trademark Office only adds another layer of fraud. See Amendment Request at **Exhibit A**. Of course, any amendment to a registration cannot be cured post-challenge, or even after a threat of a challenge has been made. *Zanella Ltd. v. Nordstrom Inc.*, 90 USPQ2d 1758, 1762 (TTAB 2009) (canceling one of five registrations that had not been amended prior to challenge, but finding rebuttable presumption of no intent to deceive for four other registrations that were amended before any actual or threatened challenge).

[2] Such amendment request was filed by Plaintiff on June 9, 2009, long after Defendant had challenged the '007 Registration on the basis of fraud by way of its Motion for Summary Judgment and by affirmative defense and counterclaim in Defendant's Amended Answer.

and the parties and that such defect, if corrected, would result in a different disposition of the

case. Plaintiff's reconsideration motion fails on all reconsideration grounds and must be denied.

**A.      Plaintiff's Reconsideration Motion Only Rehashes Prior Argument And Must Be Denied.**

Plaintiff's Motion for Reconsideration regurgitates the futility arguments and the 15

U.S.C. § 1119 arguments previously addressed by Plaintiff in its Reply to Defendant's Motion to

Amend Complaint [DN 55]. The Court's August 4, 2009 Order states that the parties fully

briefed Defendant's motion and that the "facts and legal arguments [were] adequately presented

in all of the parties' papers." Order, p. 2 [DN 72]. Under LR 7(g)(2), reconsideration of the

same issues is not appropriate where the Court has expressly ruled or ruled by reasonable

implication. As these issues have been presented and ruled on, the reconsideration motion must

be denied. *O'Malley v. City of Flint*, 2009 U.S. Dist. LEXIS 68855 (Zatkoff, J., Aug. 9, 2009).

The Court expressly ruled on both the futility and cancellation issues. Contrary to

Plaintiff's claims, the Court did address Plaintiff's futility arguments in its Order, and did not

deem the amendment to be futile, particularly in light of Plaintiff's admission that "[i]t is

indisputable that [Defendant's] antitrust counterclaim proceeds independent of Count I." *Id*., pp.

9-10. Likewise, contrary to Plaintiff's assertion, the issue of jurisdiction for cancellation under

15 U.S.C. § 1119 was fully addressed, with the Court determining that Plaintiff has not admitted

to non-infringement despite dismissing Count I, and that a "case or controversy" remains

between the parties. *Id*. at 10.

Given that these issues have been fully addressed and considered by the Court, Plaintiff's

reconsideration motion must be denied.

**B.** **Plaintiff's Reconsideration Motion Identifies No Palpable Defect And Must Be Denied.**

Plaintiff cites no defect by the Court, much less a "palpable" one that is obvious, clear, unmistakable, manifest or plain. *U-Haul Int'l, Inc. v. Kresch,* 875 F.Supp. 1303, 1305 (E.D. Mich. 1995). Instead, Plaintiff merely reworks tired arguments, falsely claiming that the Court neglected to address its futility argument and that the Court has somehow been misled by Defendant's fraud cancellation request. Such issues were addressed and ruled on by the Court. That the Court did not agree with Plaintiff's views on such issues does not rise to the level of a "palpable defect," but instead a difference in opinion. Such difference does not merit reconsideration and Plaintiff's motion must therefore be denied.

**C.** **Plaintiff's Reconsideration Motion Identifies No Palpable Defect That, If Corrected, Would Result In a Different Disposition Of The Case, And Must Be Denied.**

Finally, Plaintiff, through its repeated efforts to disentangle itself from its fraudulent activities and ill-gotten trademark registration, is aiming to shield its illicit behavior from this Court and the public. Even if this Court were to reconsider its ruling based on the two "errors" alleged by Plaintiff (failure to consider the futility argument and being misled by Defendant's cancellation request), that would not result in a different disposition of the case. In other words, if the "errors" were corrected such that the Court addressed Plaintiff's futility claim (which it did) and the cancellation claim for fraud (which it also did), such "corrections" would not result in any different outcome for the case. Plaintiff's trademark case against Defendant remains as it is, and Plaintiff has admitted, and the Court agrees, that Defendant's counterclaim relative to Plaintiff's anticompetitive behavior stands despite dismissal of Count I. Under such circumstances, when Plaintiff's fraudulent conduct remains squarely in the case, Plaintiff's reconsideration motion must be denied.

## III.    CONCLUSION

For all of the reasons set forth in detail above, Defendant NVE asks this Court to deny

Plaintiff's Motion for Reconsideration and to expedite this ruling.


Respectfully submitted,



Date: August 28, 2009                    By:____/s Douglas P.LaLone_____
                                         R. Terrance Rader (P28747)
                                         Leigh C. Taggart (P63765)
                                         Douglas P. LaLone (P45751)
                                         RADER, FISHMAN & GRAUER PLLC
                                         39533 Woodward Avenue, Suite 140
                                         Bloomfield Hills, Michigan 48304
                                         Tel: (248) 594-0600
                                         Fax: (248) 594-0610
                                         Email: lct@raderfishman.com

                                         Charles P. Guarino, Of Counsel
                                         NICOLL, DAVIS & SPINELLA LLP
                                         95 Route 17 South, Suite 203
                                         Paramus, New Jersey 07652
                                         (201) 712-1616
                                         cguarino@ndslaw.com

                                         *Attorneys for Defendant/Counterclaim Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Mark Lorelli (mlorelli@brookskushman.com), Mark A. Cantor (mcantor@brookskushman.com), Phyllis Golden Morey (pmorey@brookskushman.com), and Thomas W. Cunningham (tcunningham@brookskushman.com).

   /s Douglas P. LaLone    
Douglas P. LaLone ((P45751)
RADER, FISHMAN & GRAUER PLLC
39533 Woodward Avenue, Suite 140
Bloomfield Hills, Michigan 48304
Tel: (248) 594-0600
Fax: (248) 594-0610
Email: dpl@raderfishman.com