UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC
d/b/a LIVING ESSENTIALS,

       Plaintiff,

                                         CASE NO. 08-11867
vs.                                      HON. LAWRENCE P. ZATKOFF

N.V.E., INC.,

       Defendant.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 21, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Plaintiff's motion for sanctions to exclude all information not identified in response to the Court ordered interrogatories nos. 14, 17, 19 and 20 [dkt 89]. The parties have fully briefed this motion. The Court finds that the facts and legal arguments are adequately presented in all of the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion for sanctions to exclude all information not identified in response to the Court ordered interrogatories nos. 14, 17, 19 and 20 is DENIED.

### II. BACKGROUND

Plaintiff is the owner of the 5 HOUR ENERGY trademark used in conjunction with the

marketing and distributing of its 5 HOUR ENERGY shot, a two-ounce energy drink. Plaintiff alleges that Defendant has infringed Plaintiff's trademark by manufacturing and selling a product called 6 HOUR POWER, which Plaintiff maintains is confusingly similar to and/or a colorable imitation of Plaintiff's product. Plaintiff also alleges false designation of origin or sponsorship and false advertising.

The discovery at issue relates to interrogatories and document requests served on Defendant on April 27, 2009. Defendant submitted its initial responses on May 29, 2009. On July 2, 2009, Plaintiff moved to compel responses, claiming that Defendant's responses were inadequate. On August 21, 2009, the Court issued an order compelling Defendant to respond to various interrogatories. While Defendant responded to the interrogatories in question, Plaintiff claims that Defendant's responses were insufficient due to lack of specificity. As a sanction, Plaintiff seeks to exclude Defendant from introducing evidence beyond that contained in its responses to the interrogatories in question. Defendant argues that it has adequately supplemented its responses, thus rendering the motion moot, and that Plaintiff's motion should be denied for failure to seek a concurrence before filing it with the Court.

### III. LEGAL STANDARD

Fed. R. Civ. P. 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further just orders, including prohibiting the disobedient party from introducing designated matters into evidence. Under Local Rule 7.1(a), the moving party must attempt to seek concurrence with the non-moving party. If concurrence is not obtained, the motion or request must state:

> (A) there was a conference between attorneys or unrepresented parties in which the movant explained the nature of the motion or

>request and its legal basis and requested but did not obtain concurrence in the relief sought; or
>
>(B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

L. R. 7.1(a)(2)(A-B).

## IV. ANALYSIS

Plaintiff claims that it attempted to seek concurrence from Defendant regarding this matter based on the following events.  On August 31, 2009, Plaintiff allegedly wrote a letter to Defendant seeking responses to interrogatories by September 2, 2009.  On September 2, 2009, Plaintiff allegedly called Defendant to discuss this and other matters, but Defendant's counsel was unavailable at the time of the call. Plaintiff does not contend that it left Defendant a message or otherwise requested further discussion from Defendant. Plaintiff alleges that counsel for Plaintiff, Mr. Lorelli, left Defendant a phone message and sent an email on September 8, 2009, seeking a time for a conference to discuss the discovery matters, but that Defendant ignored Plaintiff's attempts to resolve the issues.

Defendant argues that counsel for Defendant, Mr. LaLone, returned Mr. Lorelli's September 8, 2009, phone call several hours later, and informed Mr. Lorelli's co-counsel that it wished to discuss a resolution.  According to Defendant, Mr. Lorelli's co-counsel said she would tell Mr. Lorelli that his call had been returned, but no mention was made of the fact that Plaintiff would be filing a motion for sanctions several hours later.  Defendant contends that this motion could have been avoided through proper communication. Plaintiff's reply states that Defendant's version of these events "misrepresents the record," but offers no proof or other explanation in support of this proposition.

The Court finds that Plaintiff did not comply with the requirements of L.R. 7.1(a) in filing this motion. Plaintiff has not shown that it was unable to conduct a conference regarding this matter despite reasonable efforts. In fact, it appears that Plaintiff filed its motion only hours after Defendant expressed its intention to discuss a resolution of the discovery issues. In light of this and Defendant's supplementation to its responses to the interrogatories in question, it is evident that this motion could have been averted if Plaintiff had accepted Defendant's offer to discuss a resolution. Therefore, the Court DENIES Plaintiff's motion for sanctions.

## V.  CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for sanctions to exclude all information not identified in response to the Court ordered interrogatories nos. 14, 17, 19 and 20 [dkt 89].

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  December 21, 2009

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on December 21, 2009.

S/Marie E. Verlinde
Case Manager
(810) 984-3290