UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, L.L.C.,
d/b/a LIVING ESSENTIALS,
                    Plaintiff,              No. 08-11867

v.                                          District Judge Terrence G. Berg
                                            Magistrate Judge R. Steven Whalen

N.V.E., INC.,

                    Defendant.
_____ /

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART MOTION TO STRIKE
TWO OF PLAINTIFF'S EXPERT REPORTS**

This is, essentially, a trademark infringement case brought under the Lanham Act,

15 U.S.C. §§ 1114, 1125(a). Before the Court at this time is Defendant's motion to strike

what the Plaintiff has produced and identified as two supplemental expert witness reports,

one by Dr. Dan Sarel and one by Dr. E. Deborah Jay [Doc. #284].  For the reasons and

under the terms discussed below, the motion will be GRANTED IN PART AND

DENIED IN PART.

## I.   BACKGROUND

Plaintiff Innovation Ventures, L.L.C., d/b/a Living Essentials ("LE") created and

markets an energy shot known as "5-hour ENERGY."  LE began marketing the product

nationally in 2005.  In 2006, Defendant N.V.E., Inc. ("NVE") began marketing a

competing energy shot known as "6 hour POWER."  In May of 2008, LE filed the present

trademark infringement action, claiming that there was a likelihood of confusion between its 5-hour ENERGY and NVE's 6 Hour POWER.

Pursuant to a stipulated scheduling order [Doc. #57], burden of proof expert reports were due on or before August 1, 2009. LE timely served five expert reports, including one prepared by Dr. Sarel and another prepared by Howard Marylander. LE did not at that time produce a report by Dr. Jay.

This Court granted summary judgment in favor of N.V.E. On September 13, 2012, the Sixth Circuit reversed in part, remanding the case for further proceedings on the Lanham Act claims, but affirming the dismissal of the antitrust claim under the Sherman Act. *See Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723 (6th Cir. 2012). After remand, on January 9, 2014, this Court entered another stipulated scheduling order [Doc. #281], setting a supplemental expert report deadline of April 30, 2014. Prior to that date, Plaintiff served the Sarel Report and the Jay Report that are at issue in this motion.

It is NVE's position that these two reports do not qualify as "supplemental reports" under Fed.R.Civ.P. 26(e), and therefore should be stricken as untimely expert reports. It is LE's position that the two reports are in fact "supplemental reports" that were timely filed under the January 9, 2014 scheduling order.

## II.    DISCUSSION

Fed.R.Civ.P. 26(a)(2)(B) provides for the disclosure of written expert reports, and Rule 26(a)(2)(C) directs that the reports be disclosed "at the time and in the sequence

directed by the court." In this case, the time for disclosure of expert reports was August 1,

2009.  Fed.R.Civ.P. 26(e)(2) provides for supplementation of the reports that were

produced under Rule 26(a)(2)(B):

> "For an expert whose report must be disclosed under Rule 26(a)(2)(B), the
> party's duty to supplement extends both to information included in the
> report and to information given during the expert's deposition. Any
> additions or changes to this information must be disclosed by the time the
> party's pretrial disclosures under Rule 26(a)(3) are due."[1]

A failure to timely disclose an expert report under Rule 26(a)(2)(B) brings Rule

37(c)(1) into play.  That Rule provides that "[i]f a party fails to provide information ... as

required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially

justified or is harmless."  *See R C. Olmstead, Inc. v. C.U. Interface, LLC,* 606 F.3d 262,

271 (6th Cir.2010)(("Federal Rule of Civil Procedure 37(c)(1) requires absolute

compliance with Rule 26(a), that is, it mandates that a trial court punish a party for

discovery violations in connection with Rule 26 unless the violation was harmless or is

substantially justified.")(Citations omitted).

LE argues that its 2014 disclosure of the second Sarel report and the Jay report was

timely under the January 9, 2014 scheduling order because both reports are "supplemental

reports." NVE says that the reports are untimely because they are new reports, not

---

[1] Under Rule 26(a)(3)(B), pretrial disclosures must be made at least 30 days before
trial "[u]nless the court orders otherwise." In this case, the operative date for disclosure of
supplemental expert reports was April 30, 2014, as ordered by the Court in Doc. #281.

-3-

supplemental reports, and therefore should have been filed by August 1, 2009, pursuant to the Court's original scheduling order.

The salient question, then, is whether either report truly qualifies as a "supplemental report."

## A.    The Second Sarel Report

NVE's expert, Dr. Jacob Jacoby, filed a report that strongly criticized Dr. Sarel's methodology and conclusions regarding the likelihood of confusion between Plaintiff's and Defendant's marks.[2] Dr. Sarel's supplemental report, submitted under seal as Defendant's Exhibit B [Doc. #286] specifically addressed Dr. Jacoby's criticisms, including his opinion that the initial respondent group (individuals 18 to 35 years old) was too restricted.  In that regard, Dr. Sarel expanded the respondent group to 60% individuals 18-35 years old and 40% individuals over the age of 35.

Both parties cite Judge Rosen's decision in *Eiben v. Gorilla Ladder Co.*, 2013 WL 1721677 (E.D.Mich. 2013) in support of their respective positions. *Eiben* identified a number of factors that would justify supplementation of an expert's report under Rule 26(e)(2), including responding to an opposing expert's criticism of gaps in the reasoning of a report, correcting errors or inaccuracies, or even changing an opinion:

"The narrow reasons for permissible supplementation under Rule 26(e)(1)

---

[2] Dr. Jacoby's report has been filed under seal at Doc. #291 as Exhibit A. His general criticisms of all of Plaintiff's experts are found at ¶¶ 8-14, and his more specific criticisms of Dr. Sarel's methodology and conclusions are found at ¶¶ 47-65.

simply do not exist here. This is not a situation in which a party sought to supplement a report to correct a late-in-the-day error or inaccuracy in its reasoning. *See, e.g., Minebea Co., Ltd. v. Papst,* 231 F.R.D. 3 (D.D.C.2005) (permitting error correction via supplementation). Nor is this a case in which supplementation would serve as a response to an opposing expert's pointing out gaps in Morse's chain of reasoning. *See, e.g., Miller v. Pfizer, Inc.,* 356 F.3d 1326, 1332 (10th Cir.2004). This is not even a case in which supplementation would reflect an expert's changed opinion. *See* Fed.R.Civ.P. 26 Advisory Committee Notes, 1993 Amendments, Subdivision (e) ( 'changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26(e)(1) ]')." *Eiben* at *6.

I find that Dr. Sarel's second report, being substantially responsive to Dr. Jacoby's detailed criticisms, qualifies as a supplemental report. As such, it was timely filed under the Court's post-remand scheduling order, and should not be stricken.

## B.    The Jay Report

Unlike Dr. Sarel, Dr. Jay did not previously file an expert report. Nevertheless, LE argues that Jay's report is supplementary to that of one of its other experts, Howard Marylander, whom Dr. Jacoby roundly criticized.[3]  I find it significant that with Dr. Jay, Plaintiff seeks to supplement the report of his previously disclosed expert, Mr. Marylander, with that of an entirely different expert.

In *Gilbane Bldg. Co. v. Downers Grove Community High School District No. 99*, 2005 WL 838679 (N.D. Ill. 2005), the court addressed a similar situation. The plaintiff in that case served a supplemental report that had been prepared by an expert who had not

---

[3] Dr. Jacoby's specific criticisms of Dr. Marylander's methodology and conclusions are found at  ¶¶ 15-26 of his report.

prepared the initial report. This new expert was asked to make information in the original report " 'more definitive by expanding upon it with greater detail, providing further justification.'" *Id.* at *9.  The court rejected the plaintiff's argument that this was proper supplementation under Rule 26(e), stating that "the concept of a supplemental report suggests that the supplemental opinions will be the opinions of the expert who prepared the original report, not the opinions of a different expert." *Id.* Citing the requirement of Rule 26(a)(2) that a party must timely disclose the report of an expert witness who will testify at trial, the court stated, "It logically follows that a supplemental report—the purpose of which is to disclose modifications to the substance of the expert's testimony—should disclose what the testimony of the originally-disclosed expert will be, not what the testimony of a different witness will be." *Id. See also Noffsinger v. The Valspar Corp.*, 2011 WL 9795, *3 (N.D.Ill. 2011)(citing *Gilbane*, and stating, "A new expert, especially one who conducts new tests and writes a new report, is not 'supplementation'"); *In re Enron Corporation Securities, Derivative & ""Erisa"" Litigation* 2007 WL 5023541, 8 -11 (S.D.Tex. 2007)(finding subsequent report prepared by a different expert was not a proper supplemental report).

Plaintiff has not cited any case law definitively holding that a supplemental report may be prepared by an expert witness other than the one who prepared the initial report. I consider the *Gilbane* analysis persuasive, and find that Dr. Jay's report cannot be considered a supplemental report, but rather constitutes a previously undisclosed and

grossly untimely new report.

Therefore, under Rule 37(c)(1), the Jay report is admissible only if the failure to disclose it was substantially justified or if its admission would be harmless. "District courts have broad discretion to exclude untimely disclosed expert-witness testimony." *Pride v. Bic Corp.,* 218 F.3d 566, 578 (6th Cir.2000) (citing *Trilogy Comm'n v. Times Fiber Comm'n,* 109 F.3d 739 (Fed.Cir.1997)).

The late production of the Jay report was not substantially justified. As NVE points out, the Jay report is dated June, 2010 (admittedly after the deadline for expert reports), but not disclosed until April 30, 2014. Again, the Jay report is not a supplemental report. Rather, in the language of *Gilbane, supra*, at *8, LE "has submitted additional information, prepared by a different expert, to bolster the original Expert Report."[4]  There is no reason that Dr. Jay could not have prepared his report and been identified as an expert before the August 1, 2009 deadline.

The lengthy delay in disclosing the Jay report is also prejudicial. Very late in the game, LE has proffered the report of a previously undeposed expert witness, suggesting the appearance of a "lying in wait" strategy.  As the Court stated in  *Olmstead,* 606 F.3d at 271, "Under Rule 26(a), a report must be complete such that opposing counsel is not forced to depose an expert in order to avoid an ambush at trial...." Permitting the Jay

---

[4] The "original expert report" that Dr. Jay purports to supplement is that of Mr. Marylander, who, unlike Dr. Sarel, has declined to supplement his own report.

report would lead to yet another round of expert depositions, increasing the delay and the expense to NVE.

LE has not satisfied its burden of showing that the late production of the Jay report was substantially justified and not prejudicial. Therefore, the Jay report will be stricken.

### III.   CONCLUSION

For these reasons, Defendant NVE's Motion to Strike Two of Plaintiff's Supplemental Expert Reports [Doc. #284] is GRANTED IN PART AND DENIED IN PART.

The motion to strike the report of Dr. Dan Sarel is DENIED.

The motion to strike the report of Dr. E. Deborah Jay is GRANTED.

IT IS SO ORDERED.


Dated:  October 5, 2014                    s/R. Steven Whalen
                                           R. Steven Whalen
                                           United States Magistrate Judge