UNITED STATED DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC d/b/a
LIVING ESSENTIALS,

      Plaintiff/Counter-Defendant,

                                                                        Case No. 08-11867
v.                                                        Hon. Terrence G. Berg

NVE, INC.,

      Defendant/Counter-Plaintiff.
_____/

**ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO
ALLOW JACOBY REBUTTAL TO THE NEW SAREL REPORT (DKT. 406)**

This matter is before the Court on Defendant's motion for leave to allow its expert – Dr. Jacoby – to present a rebuttal report in response to the second report of Plaintiff's expert, Dr. Sarel. Some brief procedural history is required to place this question in proper context. Plaintiff filed this case seven years ago, on May 1, 2008 (Dkt. 1). Pursuant to a stipulated scheduling order (Dkt. 57), burden of proof expert reports were due on or before August 1, 2009. Plaintiff timely served five expert reports, including one prepared by Dr. Sarel (the "Original Sarel Report"). On September 15, 2010, Judge Lawrence P. Zatkoff granted cross motions for summary judgment, and dismissed this case in its entirety (Dkt. 240).

On September 13, 2012, the Sixth Circuit reversed, in part, and remanded the case for further proceedings on Plaintiff's trademark infringement claim and on Defendant's false advertising counterclaim. These two claims are the only

surviving causes of action that must be tried. *See Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723 (6th Cir. 2012).

After remand, on January 9, 2014, Judge Zatkoff entered another stipulated scheduling order (Dkt. 281), setting a "supplemental expert report" deadline of April 30, 2014, a deadline for "rebuttal expert reports" of May 28, 2014, and a date to complete expert depositions by June 30, 2014. Prior to the deadline for submission of "supplemental expert reports," Plaintiff served a follow-up report from Dr. Sarel (the "New Sarel Report," his second, the first being timely submitted during the initial discovery period). Defendant then moved to strike (Dkt. 284) the New Sarel Report, contending that it did not meet the requirements of a "supplemental report" under Fed. R. Civ. P. 26(e), and therefore should be stricken as untimely.

On October 5, 2014, Magistrate Judge R. Steven Whalen denied Defendant's motion to strike the New Sarel Report. Defendant filed timely objections to Magistrate Judge Whalen's order (Dkt. 304); however, this Court overruled Defendant's objections on February 27, 2015 and upheld Magistrate Judge Whalen's order denying Defendant's motion to strike the New Sarel Report (Dkt. 404). In the wake of this Court's order overruling Defendant's objections, on the eve of the final pre-trial conference, Defendant served the Jacoby rebuttal report that is the subject of the motion which is currently before the Court. On the surface, the Court recognizes that this rebuttal report is untenably late and potentially prejudicial to Plaintiff as well. However, the procedural posture of this case is somewhat more complicated.

Defendant seeks leave to permit the introduction of the Jacoby rebuttal, arguing, essentially, that it was stuck between a rock and a hard place concerning its expert reports. Defendant contends that it timely challenged the admissibility of the New Sarel Report (which is true), and claims that it could not have prepared a timely rebuttal during the period set aside by Judge Zatkoff for supplemental expert reports, because Plaintiff had wrongfully withheld the data underlying the New Sarel Report, which Defendant required in order to have Dr. Jacoby prepare a rebuttal report. The latter contention also has support in the record.

On October 16, 2014, the date this Court held its first conference in this matter, after this case was reassigned from Judge Zatkoff, Defendant requested that Plaintiff produce the data underlying the New Sarel Report. The Court granted Defendant's request, and ordered Plaintiff to produce this information "promptly" (Dkt. 325 at 3). Plaintiff did produce this information, but Defendant did not then promptly have Jacoby prepare and serve a rebuttal report, electing rather to wait until it learned the Court's ruling on its challenge to the New Sarel Report – which was issued on February 27, 2015 – and only then producing the Jacoby rebuttal report on March 1, 2015.[1]

To preserve fairness during litigation, discovery requires parties to exchange relevant documents, evidence, and witness lists. *See generally* Fed. R. Civ. P. 26. A party must disclose its experts "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). This disclosure must be "accompanied by a

---

[1] Somewhat bizarrely, Defendant seeks to blame the Court for not *ordering* Defendant to prepare a rebuttal report by a particular date (Dkt. 406 at 8-9). The Court should not need to remind counsel that the responsibility to prepare a party's case, and to decide what evidence to present or to forego, rests entirely with learned counsel.

3

written report-prepared and signed by the witness." Fed. R. Civ. P. 26(a)(2)(B). This written report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the data or other information considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B) (i)-(ii).

As to rebuttal reports, the Federal Rules of Civil Procedure allow for an expert to provide a report that "rebuts" a report submitted by the expert on the other side. This rebuttal report must be intended "solely" to contradict or rebut "evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(D)(ii). Absent a stipulation (which we have in this case), rebuttal reports must be disclosed "within 30 days after the other party's disclosure." *Id*.

Rule 37(c)(1) "puts teeth" into the Rule 26 provisions discussed above, because it requires that a court "impose a sanction for violation of the disclosure requirement," unless the violation was "substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1); *Vaughn v. City of Lebanon*, 18 Fed. App'x 252, 263 (6th Cir. 2001); *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). A violation is "harmless" when it is based upon "an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003). A district court has broad discretion to impose the appropriate sanction, and the sanction of exclusion is certainly appropriate when the failure to abide by the requirements of Rule 26 is

4

not substantially justified or harmless. *See Roberts*, 325 F.3d at 782. With these points in mind, the Court turns to the rebuttal expert report at issue here.

As described above, neither party is entirely without some responsibility in causing the delay attending the preparation of Dr. Jacoby's rebuttal report. Moreover, in terms of allowing the parties to present their case in the most effective manner, there is no question that allowing a defense expert rebuttal to be offered as a counterweight to the supplemental expert report Plaintiff was permitted to introduce, will better allow the jury to understand and weigh the evidence, and intelligently decide the merits of the dispute between the parties in fair and balanced way. As to the possible prejudice that Plaintiff fears it may suffer from allowing Dr. Jacoby to rebut the New Sarel Report at trial, the Court will adopt the following safeguards to remediate any prejudice arising from the lateness of Defendant's submission.

First, Defendant shall not be allowed to seek to exclude the testimony of Dr. Sarel concerning the New Sarel Report on *Daubert* grounds. Defendant has been aware of the New Sarel Report since March 7, 2014, but it chose not to raise any *Daubert* challenge to that report on October 15, 2014, when it filed 10 other motions in limine, challenging a wide-variety of expert reports, several under *Daubert*, and objecting to a large number of exhibits and categories of evidence. At the pretrial conference on October 15, 2014, Defendant requested the underlying data from the New Sarel Report, clearly with a view toward having that data examined by Dr. Jacoby. Defendant was thus cognizant at that time of its interest in making a

5

*Daubert* challenge to the New Sarel Report. All parties understood that October 15, 2014 was the previously established deadline for filing motions in limine. Defendant could have sought leave to raise a *Daubert* challenge to the New Sarel Report at that time, but Defendant did not do so. Under these circumstances, the Court finds that Defendant has waived any objections to the admissibility of testimony concerning the New Sarel Report for failing to meet the standards under *Daubert*.

There is no question that the Jacoby rebuttal report has been produced outside of the time constraints contemplated by Rule 26. Nevertheless, given the unique procedural posture of this case, the fact that the conduct of both parties contributed to causing a delay in the preparation of the Jacoby rebuttal report, and in light of the safeguards the Court is imposing to remedy any prejudice to Plaintiff, the Court concludes that the failure to abide by the requirements of Rule 26 was substantially justified and can be rendered harmless so that the sanction of exclusion would be inappropriate here. Moreover, the Court is persuaded that it would be unjust to permit Dr. Sarel to testify at trial for Plaintiff, without allowing any expert rebuttal testimony from Dr. Jacoby for Defendant. Therefore, the Court will permit Dr. Jacoby to testify at trial concerning his rebuttal report.

Although Defendant's disclosure of the Jacoby rebuttal report was virtually on the eve of trial, the trial in this matter has been delayed by circumstances outside the control of either party. During this period of unforeseen delay, in order to ensure that Plaintiff is no more disadvantaged from this late disclosure than it

would have been if the disclosure had been timely made, Plaintiff will be permitted to take the deposition of Dr. Jacoby concerning his rebuttal report – at Defendant's expense. Therefore, if Defendant wishes to rely upon Dr. Jacoby's rebuttal report at trial, Defendant is ordered to produce Dr. Jacoby in Michigan for a deposition at a place of Plaintiff's counsels' choosing on a mutually agreed upon date on or before **May 15, 2015**. Dr. Jacoby's travel expenses, expert witness fees, and any other related costs for this deposition will be borne entirely by Defendant.

    **SO ORDERED**.

                                        s/Terrence G. Berg
                                        TERRENCE G. BERG
                                        UNITED STATES DISTRICT JUDGE

Dated: April 15, 2015

## Certificate of Service

    I hereby certify that this Order was electronically submitted on April 15, 2015, using the CM/ECF system, which will send notification to each party.

                                        By:  s/A. Chubb
                                                Case Manager