UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**INNOVATION VENTURES, LLC, d/b/a LIVING ESSENTIALS,**

**Plaintiff,**

**v.**

**N.V.E., INC.,**

**Defendant.**

**Case No. 08-11867-TGB-RSW**
**Hon. Terrence G. Berg**
**Magistrate Judge R. Steven Whalen**

# LIVING ESSENTIALS' OBJECTIONS TO N.V.E., INC.'S WITNESS TESTIMONY AND RESPONSE TO NVE'S OBJECTIONS TO LIVING ESSENTIALS' DESIGNATIONS

BK
BROOKS KUSHMAN

## A. J.R. Merlau, November 30, 2009 Transcript

Living Essentials objects to the portions of Mr. Merlau's testimony identified in the table below. (Attached as Ex. A.) Much of the testimony should be excluded as non-responsive, speculative and prejudicial opinion testimony regarding "confusion" allegedly caused by the Legal Notice.

| Trans. Pages and Lines | J.R. Merlau, November 30, 2009 |
|---|---|
| 9:14-18 | FRE 602, 403; Non-responsive, prejudicial comment about "confusion." |
| 10:13 – 11:10 | FRE 602, 802; 701, 403; Hearsay: ("Our sales person contacted me, told me …"); No personal knowledge, speculative, prejudicial: ("This notice was confusing to marketplace.") |
| 17:04-06, 09-15 | FRE 602, 701, 802; Non-responsive, speculative: (Did not answer question; prejudicial "letter … was vague"; "I think it was intentionally written to add confusion to marketplace.") |
| 33:17-34:23; 35:05-17 | FRE 802, 602; Hearsay: (Statements that customers told him they stopped buying because of recall is being offered to prove that customers stopped buying.) |
| 42:04-20 | FRE 802, 602, 403; Speculation; Hearsay: (Question quotes hearsay from e-mail); Speculation ("it would appear stores are very confused.") |
| 43:08-16 | FRE 802 Hearsay: ("Scott mentioned …"; "McDuff had mentioned …") |
| 45:20-46:20 | FRE 602, 701, speculation: (Improper opinion on average education of convenience store workers and how they would have reacted to legal notice.) |
| 48:16-49:10 | Speculation, FRE 602, 701: (Commenting on his opinions as to whether corrective notice was effective.) |
| 51:20 – 53:21 | Speculation, FRE 402, 701 (Providing his improper opinion testimony on whether terminology in recall notice is misleading.) |

BK BROOKS KUSHMAN

## B. Michelle Canzone, August 21, 2009 Transcript

Living Essentials objects to the portions of Ms. Canzone's testimony identified in the table below. (Attached as Exhibit B.)

| Trans. Pages and Lines | Michelle Canzone, August 21, 2009 |
|---|---|
| 27:12-22 | FRE 802, Hearsay: ("phone calls ... asking if they should pull our product.") |
| 28:19- 31:04 | FRE 402, 403, 602. (Testimony about record maintenance of records by employee that left company 3 years prior to lawsuit is irrelevant and prejudicial.) |
| 53:21-55:12 | Speculation, FRE 402, 602, 70; (providing his improper opinion testimony on whether terminology in recall notice is misleading.) |
| 55:25-56:06 | FRE 802 Hearsay: (Relaying information customers told her on phone offered for truth of the matter asserted.) |
| 83:07-17 | FRE 802 Hearsay: (Relaying information customer told her on phone offered for truth of the matter asserted.) |

## C. Karen Mclellan, October 29, 2009

Living Essentials objects to the portions of Ms. Mclellan's testimony identified in the table below. (Attached as Exhibit C.)

| Trans. Pages and Lines | Karen Mclellan, October 29, 2009 |
|---|---|
| 176:03-177:06 | FRE 602,701, speculative; (Hypothetical questions seeking opinion testimony. |

BK
BROOKS KUSHMAN

## D. Thomas Morse; March 31, 2009

Mr. Morse's deposition testimony should be excluded as being hearsay. NVE identified his address in the Joint Final Pretrial Order and it is within the subpoena power of the Court. Thus, the deposition transcript is hearsay and cannot be presented at trial.

## E. Jesus Palmeroni; December 16, 2009

Living Essentials objects to the portions of Mr. Palmeroni's testimony identified in the table below. All of the identified Palmeroni testimony should be excluded as irrelevant and prejudicial. (Attached as Exhibit D.)

| Trans. Pages and Lines | Jesus Palmeroni; December 16, 2009 Transcript |
|---|---|
| 81:11-13<br>85:11-86:01 | FRE 402, 403; 602: (Age of NVE employee Palmeroni dated is irrelevant and offered only to prejudice; accusation by deposing attorney of sexual harassment is prejudicial) |
| 120:18 – 121:07;<br>123:07-25<br>126:7-9, 11-14, 20-25;<br>127:1-3, 10-13, 17-18;<br>129:18 – 131:06;<br>132:02– 133:07;<br>133:11-16, 20-21;<br>136:18-24;<br>142:15-19, 22;<br>144:20 – 145:14, 19 | FRE 402, 403, Privileged, 602, 701 (NVE asserting that lawyer for Palmeroni allegedly offered that Palmeroni would forget matters if NVE settled separate case with Palmeroni |

NVE's filed a motion *in limine* to exclude Palmeroni from testifying, asserting that Palmeroni's testimony was unreliable because his attorney

allegedly offered to trade favorable testimony from Mr. Palmeroni in exchange for favorably settling a different case. In its Order denying that motion, the Court stated:

> Based on the evidence offered in support of the motion, it appears that Defendant did not accept what appeared to be a solicitation to offer Mr. Palmeroni **the inducement of a favorable settlement in the New Jersey case in exchange for his being "forgetful" in his testimony – in Defendant's favor – in this case**.

(Dkt. #404 at 40-41)(emphasis added.) The Court declined to exclude Mr. Palmeroni's testimony because there was no proof that Mr. Palmeroni offered to change his testimony.

> In this case, there is no proof that this witness, Mr. Palmeroni, ever offered to change his testimony – in fact, he denies doing so or being aware of anyone else's offer on his behalf to do so. There is proof, however, that a contact did occur by an attorney purporting to act on Mr. Palmeroni['s behalf.]

(*Id.*) Because NVE had evidence that a contact did occur, the Court stated that NVE could cross-examine Mr. Palmeroni at trial about the alleged offer to modify his testimony.

> Thus, Defendant may question Mr. Palmeroni at trial as to whether or not he was aware of this alleged offer to modify his testimony in exchange for a favorable settlement of the New Jersey litigation.

(*Id.*)

The Palmeroni testimony designated by NVE should be excluded for two reasons: 1) the testimony NVE designated from Mr. Palmeroni's transcript does

BROOKS KUSHMAN

not meet the standard set by the Court and 2) the testimony has no foundation because NVE did not seek to admit the evidence of the attorney contact at trial.

First, NVE never questioned Mr. Palmeroni as to whether he was aware of an offer to be "forgetful" in his deposition if NVE favorably settled his case, as the Court said it could. NVE instead turned it around and asked if Mr. Palmeroni was aware that his attorney allegedly stated that Mr. Palmeroni would lie under oath unless paid off.

> Are you aware ever a conversation with -- between Mr. Torres and Mr. Davis in which Mr. Torres stated that if you – if N.V.E. did not agree to a walk-away statement in another matter, that you would lie unless paid off and that your -- but that you were -- that you would lie under oath unless paid off?

(Exhibit D at 145.) Even if NVE's "evidence" of the alleged contact is believed, it was clear from the communication that <u>Mr. Palmeroni would tell the truth</u> – and not be "forgetful" – if NVE did not accept the offer. (Dkt. #322-3.) NVE instead implied the opposite in its deposition question – that <u>Mr. Palmeroni would lie and not tell the truth</u> unless he was "paid off[1]." Thus, there is no foundation for the question that was asked. The question also lacks foundation because NVE did not identify the "evidence" of the contact in its pretrial papers, and thus cannot offer it at trial. Thus, there will not be any evidence of the

---

[1] NVE's question also improperly uses exaggerated and inflammatory terms such as "paid off" instead of settling the other lawsuit and "lie" instead of being "forgetful."

BK BROOKS KUSHMAN

attorney contact in the record. As such, the question lacks foundation for that reason as well.

## F. Response To NVE's Objections To Mr. Palmeroni's Testimony

First, NVE objects to testimony from Mr. Palmeroni that he was not allowed access to files when he was fired, and that those files contained documents evidencing that 5-hour Energy was the inspiration for 6 Hour Power. (Ex. E at 41:02-19.) These files were not produced by NVE in discovery in this case. This testimony is highly relevant to prove NVE's intent in selecting the 6 Hour Power name and its attempts to cover up that intent.

NVE next objects to the relevance of testimony from Mr. Palmeroni about the reason Mr. Palmeroni was fired from NVE. (*Id.* at 29:33 – 33:11.) However, NVE argues that it should be allowed to present evidence about the lawsuit NVE filed against Mr. Palmeroni in an attempt to discredit his testimony. In response, Mr. Palmeroni should be allowed to explain why he was fired and his claims in the lawsuit.

NVE next objects to the relevance of testimony from Mr. Palmeroni about the working conditions subjected to the employees at NVE. (*Id.* at 36:02-38:15 and 38:22-40:08.) NVE has called several employees to testify at this trial. The working conditions at NVE are relevant to the credibility of these witnesses and whether these employees would freely testify given those working conditions.

NVE also objects to testimony concerning a woman that Mr. Palmeroni dated at NVE. NVE wants to admit testimony concerning the woman's age and the fact that they dated – but is moving to exclude context that she was a temporary, part-time employee and her duties. (*Id.* at 78:22 – 79:04; 79:19 – 80:24; 81:14 – 82:25.) Living Essentials believes all the testimony about his girlfriend is irrelevant and should be excluded.

## G. Richard Deer Should Be Precluded from Testifying at Trial

NVE first identified Richard Deer as a trial witness in the Joint Final Pretrial Order filed in February 2015. Mr. Deere was never disclosed as a potential witness under Fed. R. Civ. P. 26(a) during the initial or supplemental discovery periods.

Rule 37(c)(1) provides that "if a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence ... at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The exclusion of non-disclosed evidence is **automatic and mandatory** under Rule 37(c)(1) unless nondisclosure was justified or harmless." *Musser v. Gentiva Health Services*, 356 F.3d 751, 758 (7t Cir. 2004) (cited with approval in *Dickerson v. Cardiac and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004))(emphasis added).

BK
BROOKS KUSHMAN

Mr. Deer was the CEO of Body Dynamics, Inc. ("BDI"), the maker of the 6 Hour Energy Mini Thin Rush product. His testimony would have no relevance to the issues of this case.

NVE cannot offer any justification, let alone substantial justification, for not timely disclosing Mr. Deer. NVE was aware of Mr. Deer through deposition transcripts produced in this case (if not earlier), subpoenaed and received information from BDI and, according to BDI's President, had communications with BDI in 2009, while discovery in this case was still ongoing.

Nor can NVE demonstrate that the failure to disclose was harmless. Living Essentials had no opportunity to depose Mr. Deer. His testimony at trial would be a complete ambush. It should be excluded.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: February 1, 2016

/s/ Marc Lorelli

Mark A. Cantor (P32661)
Marc Lorelli (P63156)
Thomas W. Cunningham (P57899)
Brian C. Doughty (P71652)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
mlorelli@brookskushman.com
tcunningham@brookskushman.com
bdoughty@brookskushman.com
*Attorneys for Plaintiff/Counterclaim Defendant*

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that on February 1, 2016, I electronically filed the foregoing **PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS** with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the registered participants of the ECF System as listed on the Court's Notice of Electronic Filing.

I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: **NONE**.

**BROOKS KUSHMAN P.C.**

/s/ Marc Lorelli

Mark A. Cantor (P32661)
Marc Lorelli (P63156)
Thomas W. Cunningham (P57899)
Brian C. Doughty (P71652)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email: mcantor@brookskushman.com
mlorelli@brookskushman.co
tcunningham@brookskushman.com
bdoughty@brookskushman.com

*Attorneys for Plaintiff/Counterclaim Defendant*

BK BROOKS KUSHMAN