**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| INNOVATION VENTURES, LLC, d/b/a LIVING ESSENTIALS,<br>*Plaintiff/Counterclaim-Defendant,*<br>v.<br>N.V.E., INC.,<br>*Defendant/Counterclaim-Plaintiff.* | Case No. 4:08-cv-11867-TGB-RSW<br><br>District Judge Terrence G. Berg<br>Magistrate Judge R. Steven Whalen |

# N.V.E. INC.'S RESPONSE TO THE COURT'S PROPOSED VERDICT FORM AND OBJECTIONS TO LIVING ESSENTIALS' REVISED AND ADDITIONAL PROPOSED JURY INSTRUCTIONS

## I. INTRODUCTION

N.V.E., Inc. ("NVE") respectfully responds to the Court's proposed Verdict Form that was provided to the parties on Friday, February 19, 2016. NVE also objects and responds to the Revised and Additional Proposed Jury Instructions that were provided to NVE by LE on Friday, February 19, 2016.

## II. NVE'S REQUESTED MODIFICATIONS TO THE COURT'S PROPOSED VERDICT FORM

### A. THE DAMAGES QUESTIONS SHOULD BE MODIFIED TO BE BALANCED TO AVOID CONFUSION

NVE requests that the proposed damages Questions Numbered 2, 3, 6 and 7 be modified to avoid juror confusion and for fairness. NVE asks the Court to revise the damage questions so they are balanced, and mirror the same language and information for each party. This will minimize jury confusion over the specific questions being asked concerning damages in the Verdict Form.

Specifically, NVE asks that Question 7 be modified to remove the phrase "lost profits," and to insert the phrase "caused by" so it mirrors Question 2. Question 2 on trademark infringement does not contain the words "lost profits" and includes the phrase "caused by." For balance, fairness and to avoid confusion, NVE requests the following modifications:

7. What amount of ~~lost profit~~ damages, if any, do you find that NVE proved by a preponderance of the evidence was caused by ~~the result of~~ Living Essentials' false advertising? You should not include any amount awarded in Question 6, above.

## B. THE DAMAGES QUESTIONS SHOULD BE MODIFIED TO INCLUDE BOTH WORDS AS WELL AS NUMBERS

To avoid uncertainty concerning the jury's decision, NVE asks that each damages Question be modified to add a blank for the Jury to write the damage award, if any, in words as well as numbers. As proposed, the two damage questions on false advertising are incomplete and would lead to the jury ignoring three of the five elements of the false advertising damages as set forth in the Jury Instructions. For balance, fairness and to avoid uncertainty, NVE requests the following be added to each damages Question in the Verdict Form:

> 2. What amount of damages, if any, do you find that Living Essentials proved by a preponderance of evidence was caused by NVE's trademark infringement? <u>(Please write the amount in both numbers and words).</u>

$________________________ / ______________________________ Dollars

## C. THE DAMAGES QUESTIONS ON FALSE ADVERTISING SHOULD BE MODIFIED TO BE BALANCED OR TO REFLECT THE JURY INSTRUCTIONS

As proposed, the Jury Verdict Form has two questions concerning damages for NVE's false advertising claim – Questions 6 and 7. Question 6 asks the jury to address one of the five categories of False Advertising damages, namely "control costs" and Question 7 asks the jury to address overall "lost profit damages" caused

by False Advertising. As noted on NVE's prior submissions concerning the proposed Jury Verdict Form, NVE requests that the categorization of damages for False Advertising be eliminated to avoid confusion. For example, the Jury Instructions do not contain any explanation or description of "control costs." NVE requests that the jury be asked one overall damage Question mirroring what is being asked for in the question concerning damages for Trademark Infringement. For balance, fairness and to avoid confusion, the damage questions should be mirrored and NVE requests that Questions 6 and 7 be replaced with the following Question 6:

6. What amount of damages, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? <u>(Please write the amount in both numbers and words).</u>

$________________________ / ______________________________ Dollars

Alternatively and to minimize confusion, NVE requests that the jury be provided with questions on each category of false advertising damages, not just the two categories as currently proposed which ask only about the undefined or explained "control costs" and "lost profits." In contrast, the proposed Jury Instructions, at Page 31, instruct the jury to consider in their deliberations the following five damage categories related to False Advertising:

You may consider the following types of damages:

A. The injury to NVE's reputation;
B. The injury to NVE's goodwill, including injury to NVE's general business reputation;
C. The lost profits that NVE would have earned but for Living Essentials' false advertising. Profit is determined by deducting all expenses from gross revenue;
D. The expense of preventing customers from being deceived;
E. The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

*See* Proposed Jury Instructions dated February 19, 2016 at 31.

The potential for jury confusion will result when the jurors review the Verdict Form with 2 categories of damages as proposed and then read the Jury Instructions with 5 damage categories on False Advertising, notably having no guidance on the undefined phrase "control costs." To minimize this problem and as an alternative to one damage question on false advertising as proposed above, NVE requests that the Jury Verdict Form on False Advertising be modified to replace Questions 6 and 7 with the following Questions 6 through 10:

**<u>FALSE ADVERTISING</u>**

. . . .

**IF YOU ANSWERED "YES" TO QUESTION 5, GO ON TO QUESTION 6. IF YOU ANSWERED "NO" TO QUESTION 6, YOU SHOULD HAVE THE FOREPERSON SIGN AND DATE THE VERDICT FORM AND RETURN IT TO THE COURT, DO NOT GO ON TO QUESTIONS 6-10.**

6. What amount of damages to NVE's reputation, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? (Please write the amount in both numbers and words).

$ ________________ / ____________________________________ dollars

**PLEASE GO TO QUESTION 7.**

7. What amount of damages to NVE's goodwill, which include injury to NVE's general business reputation, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? You should not include any amount awarded in Question 6, above. (Please write the amount in both numbers and words).

$ ________________ / ____________________________________ dollars

**PLEASE GO TO QUESTION 8.**

8. What amount of lost profit damages, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? You should not include any amount awarded in Questions 6 or 7, above. (Please write the amount in both numbers and words).

$ ________________ / ____________________________________ dollars

**PLEASE GO TO QUESTION 9.**

9. What amount of expenses incurred in preventing customers from being deceived, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? You should not include any amount awarded in Questions 6-8, above. (Please write the amount in both numbers and words).

$ ________________ / ____________________________________ dollars

**PLEASE GO TO QUESTION 10.**

10. What amount of future corrective advertising costs, if any, do you find that NVE proved by a preponderance of evidence was caused by Living Essentials' false advertising? You should not include any amount awarded in Questions 6-9, above. (Please write the amount in both numbers and words).

$ ________________ / ____________________________________ dollars

**PLEASE HAVE YOUR FOREPERSON SIGN AND DATE THE VERDICT FORM AND RETURN IT TO THE COURT.**

Dated: ______________ SIGNED: ______________________________
JURY FOREPERSON

NVE asks that the above Questions 6 through 10 replace the proposed Jury Verdict Form Questions 6 and 7 to avoid jury confusion and harmonize the Jury Instructions with the Jury Verdict Form.

## III. OBJECTIONS TO LE'S PROPOSED ADDITIONAL JURY INSTRUCTIONS

On Friday, February 19, 2016, LE provided a document captioned "Plaintiff Living Essentials' Revised and Additional Proposed Jury Instructions." NVE responds to LE's proposed additional jury instructions in order as follows:

**Proposed Jury Instruction Number 30.2**

NVE Response: No objection.

**Proposed Jury Instruction Number 30.2.1**

Use of Multiple Trademarks.

NVE Response: LE provides a proposed charge that has no source in the

Model Jury Charges from the Seventh and Ninth Circuits. NVE does not believe that any instruction on this issue is necessary. NVE has offered evidence of how LE displayed its product to the public which included the Chaser mark. LE's arguments about the implication of that evidence is unfounded. To the extent that this is given as a general jury instruction, NVE requests that the following sentence be added to the proposed instruction:

> For example, NVE used multiple trademarks on its energy shot products, namely Stacker 2 ® and 6 Hour Power and LE used multiple trademarks on its energy shot products, namely Chaser and 5-hour Energy.

**<u>Proposed Jury Instruction Number 35</u>**

False Advertising Damages.

NVE Response: NVE does not respond to the majority of this proposal as the Court has adopted a proposed Jury Instruction that supersedes this proposal from LE. The only item that was not previously in LE's prior proposed instruction is the last sentence concerning "mitigation." NVE objects to the instruction as written as it would improperly suggest that mitigation only applies to NVE. Furthermore, as LE did not follow any of the model language, it is unclear and will confuse the jury as to the meaning and application of "mitigation" in this case. The Ninth Circuit has a general model instruction on mitigation that applies to LE's trademark claim. While a charge was never previously proposed on mitigation as it was never an issue in the case, if there is a general instruction given

on this issue, then it should be the model from the Ninth Circuit and should be given generally and clearly applicable to both parties' claims.

**<u>Proposed Jury Instruction Number 37</u>**

Statute of Limitations.

NVE Response: NVE rejects this instruction as there is no issue concerning any statute of limitations in this case. LE's arguments are unfounded and this instruction will confuse the jury on an issue that is not in contention.

**<u>Proposed Jury Instruction Number 38</u>**

Ability to Pay.

NVE Response: NVE objects to this instruction as this instruction is misleading, prejudicial and unnecessary. The statements made by NVE's President were related to how important this case is to him and his company, and stopped short of testifying about the financial impact of the outcome of this case on NVE. There is no model charge found in the Seventh or the Ninth Circuit's model instructions and this proposal from LE should be rejected.

**<u>Proposed Jury Instruction Number 39</u>**

Hearsay Testimony and Documents

NVE objects to the instruction on "hearsay" testimony and documents for a limited purpose as proposed by LE. LE's proposal is a non-starter. LE's proposal provides no citation to any model instruction, as its proposal does not have any

basis in a model charge. The language of LE's proposal is confusing, hard to understand and will likely lead to jury confusion. Most importantly, the Sixth Circuit held, and this Court has ruled throughout the trial, that the confusion evidence in both cases was not hearsay and was admissible.

The Court should not give an instruction that improperly labels certain undefined evidence "hearsay," without any limitation as it will be confusing and goes against the Sixth Circuit's directive for the admission of this specific evidence. The Sixth Circuit placed no such limitation on the confusion evidence that has been offered by both parties in this case. By seeking to label some evidence in this case as "hearsay" when it has been held not to be hearsay, and admitted equally on both sides of the case, LE is simply seeking to confuse the jury and, more likely, create a basis to improperly argue, perhaps in closing, that certain evidence should be considered "hearsay" and improperly argue that that evidence should be given little or no weight. Tellingly, LE only proposed this instruction when it was time for NVE to present its case and is a red flag that LE intends to use such an instruction to improperly argue to the jury that NVE's confusion evidence should be discounted on hearsay grounds. Moreover, the proposed instruction includes vague and confusing references like the following: "testimony based on what someone else is claimed to have said outside of court or written in a document." This would encompass testimony that has nothing to do with the

confusion evidence presented in this case.

Given the Sixth Circuit's Opinion and the rulings during the trial, it is clear that the confusion evidence is not hearsay, and no instruction should be given labeling any evidence as such. Given its continued objections and this proposed instruction, LE continues to fail to observe the express language of the Sixth Circuit's opinion as well as this Court's rulings during its own case and during NVE's case. It is clear that giving this proposed instruction will confuse the jury as to something that is not part of this case. Moreover, LE should be admonished to not characterize or argue in closing argument that any of the evidence in this case on confusion is hearsay, as any argument to that effect is contrary to the law of this case and therefore improper.

## V. CONCLUSION

For the foregoing reasons, NVE requests that the Jury Verdict form be modified as proposed above, and LE's proposals for additional jury instructions be denied.

Dated: February 21, 2016

Respectfully submitted,

NICOLL DAVIS & SPINELLA LLP
Anthony J. Davis
95 Route 17 South
Suite 316
Paramus, NJ 07652
(201) 712-1616
ADavis@ndslaw.com

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*/s/ Mitra Jafary-Hariri*
Leigh C. Taggart (P63765)
Emily J. Tait (P74708)
Mitra Jafary-Hariri (P74460)
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
(248) 566-8496
ltaggart@honigman.com
etait@honigman.com
*Attorneys for Defendant/Counterclaim Plaintiff N.V.E., Inc.*

# CERTIFICATE OF SERVICE

This is to certify that on February 21, 2016, a copy of the foregoing was electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

By: /s/ Mitra Jafary-Hariri
Mitra Jafary-Hariri (P74460)
Honigman Miller Schwartz and Cohn LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
(248) 566-8496